Filed 3/4/13  P. v. Temple CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>STEVEN RODELL TEMPLE, SR.,<br><br>        Defendant and Appellant. | A136772<br><br>(Mendocino County<br>Super. Ct. No. SCUKCRCR-12-22989) |

Steven Rodell Temple, Sr., (appellant) appeals from a judgment entered after he pleaded guilty to carrying a concealed weapon (dirk or dagger) (Pen. Code, § 21310). Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record. Appellant was informed of his right to file a supplemental brief and did not file such a brief. Having independently reviewed the record, we conclude there are no issues that require further briefing, and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A felony complaint was filed August 9, 2012, charging appellant with carrying a concealed weapon (dirk or dagger) (Pen. Code, § 21310, count 1). On August 14, 2012, appellant waived his constitutional rights and entered a guilty plea to the charged offense with the understanding that he would receive a low term state prison sentence of 16 months. Defense counsel stipulated to the following factual basis for the plea: "On the 8th of August of this year, the defendant was contacted in Mendocino County by sheriffs deputies. At the time he had a knife in a sheath in the back of his pants that was

1

concealed." Before taking the plea, the trial court advised appellant that he would have to serve his sentence in state prison, rather than in county jail. As a result of the plea, the court found appellant in violation of probation in another case. Appellant entered an *Arbuckle* waiver (*People v. Arbuckle* (1978) 22 Cal.3d 749), allowing a different judge to sentence him than the judge who took his plea.

In a report dated August 23, 2012, the probation department informed the court: "Upon further review of this case the defendant is eligible for sentencing pursuant to Penal Code Section 1170[, subd. (h)(5)(A)]. The defendant's juvenile strike was not pled and proven, nor is the current offense on the exclusion list as of July 01, 2012." At an August 31, 2012 hearing, the parties addressed whether appellant's prior juvenile strike adjudication rendered him ineligible for a county jail commitment. The court invited the parties to submit briefing on the issue before the sentencing hearing.

At the sentencing hearing on September 7, 2012, the prosecutor stated that her office agreed with the probation department that appellant was eligible for a county jail commitment, and that "this [was] a fair resolution" in light of the facts of the case. The court denied probation and imposed a 16-month sentence to be served in the county jail. The court awarded appellant 62 days of presentence credits. The court imposed a $240 restitution fund fine (Pen. Code, § 1202.4, subd. (b)), a $40 court security fee (Pen. Code, § 1465.8), a $30 criminal conviction fee (Gov. Code, § 70373), and $175 in attorney fees. The court imposed a concurrent term of 60 days for a trailing misdemeanor matter and terminated probation in that case as unsuccessful.

## DISCUSSION

We have reviewed the entire record and conclude there are no arguable issues that warrant further briefing. Appellant has not sought to withdraw his plea, and in any event, there is no clear and convincing evidence of good cause to allow him to do so. Appellant was adequately represented by counsel at every stage of the proceedings. The parties stipulated to a factual basis for the plea. There was no sentencing error. There are no issues that require further briefing.

2

## DISPOSITION

The judgment is affirmed.

                                                 _____
                                                 McGuiness, P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.